**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Smithfield Beef Group–Tolleson, Inc., f/k/a Sun Land Beef Company,<br><br>Plaintiff,<br><br>vs.<br><br>Knight Refrigerated, LLC, an Arizona limited liability company,<br><br>Defendant. | No.CV 08-1923-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Defendant's Motion to Dismiss (Dkt.#6) and Plaintiff's Motion to Remand to State Court (Dkt.#8). After reviewing the papers, the Court issues the following Order.

**I.     Factual Background**

Plaintiff Smithfield Beef Group "Smithfield" is a beef processor who sells its products to retailers and wholesalers around the country. To transport its products, Smithfield often relies on independent transportation contractors. In 2004, Smithfield entered into a Transportation Agreement with Defendant Knight Refrigerated, LLC ("Knight") whereby Knight agreed to provide transportation services.

According to the agreement, Knight was to transport 41,262 pounds of beef from Smithfield's processing center in Tolleson, Arizona to Tyson Foods' processing center in Hutchinson, Kansas (approximately 1,000 miles) by July 30, 2007. Plaintiff alleges that

1  Knight understood on July 26, 2007 that it was obliged to deliver the goods in Kansas by July
2  30, 2007; however due to the fact that it did not pick up the goods in Arizona until July 30,
3  2007, it failed to deliver the beef to Tyson foods by the specified date.

4  Because of the beef's limited shelf life, Plaintiff alleges that it was obliged to destroy
5  the spoiled beef after attempting to re-sell it to other customers and failing to do so. It seeks
6  damages for its losses from Defendant.

**II.   Analysis**

Knight moved to dismiss the complaint on the grounds that the Carmack Amendment (49 U.S.C. § 14706) preempted Plaintiff's breach of contract and unjust enrichment claims (Dkt.#6). Knight initially argued that "[a] long line of federal judicial authority" holds that the Carmack Amendment to the ICC Termination Act of 1995 (49 U.S.C. § 1301, *et seq.*) preempts state and common law claims against a carrier arising from or related to the interstate shipment of goods. The Carmack Amendment is part of a comprehensive scheme designed to bring uniform treatment to the carrier-shipper relationship. *See Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) *quoting Louisville & Nashville R. Co. v. Rice*, 247 U.S. 201, 203 (1918) ("'As to interstate shipments, . . . the parties are held to the responsibilities imposed by federal law to the exclusion of all other rules of obligation."); *Hughes Aircraft Co. v. North American Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992) ("Hughes [the shipper] wisely concede[d] that federal law preempts any state common law action against . . . a common carrier."). Because Smithfield alleged only state law claims (breach of contract and unjust enrichment), Knight argues that the complaint should be dismissed.

Smithfield, in turn, argued that the parties had contractually waived the application of the Carmack Amendment and that the case should be remanded to state court pursuant to the statute that allows parties to waive the Carmack Amendment, 49 U.S.C. 140101(b)(2). It further argued that it should be awarded fees for Knight's improper removal of the case to federal court.

Knight replied that the parties did not waive the application of the Carmack Amendment or that the parties' attempted waiver of the Carmack Amendment was not effective because the waiver did not specifically mention the Carmack Amendment nor the statutory section in which it was found. It further argued that the rights and remedies of the Carmack Amendment must be "expressly waived" in a clear and unmistakable manner." Since the agreement later incorporated several ICCTA provisions, it "revived" these provisions, according to Knight.

Smithfield replied that the parties expressly agreed to waive the Carmack Amendment, that there is no need to actually use the words "Carmack Amendment" in the waiver and that Knight's cases involved *implied* waiver whereas here, the waiver was express. It further argued that Knight's interpretation of the contract "eviscerates" it and would require the Court to ignore 17 paragraphs and would essentially render the contract a nullity, given that the Carmack Amendment would have governed in the absence of any contract to the contrary.

**A.     The Carmack Amendment**

First, it appears beyond dispute that parties are capable of waiving the Carmack Amendment when they choose to do so. Under 49 U.S.C. § 14101(b)(1), shippers and carriers may opt out of the Carmack Amendment:

> If the shipper and the carrier, in writing, expressly waive any or all rights and remedies under this part for the transportation covered by the contract, the transportation provided under the contract shall not be subject to the waived rights and remedies and may not be subsequently challenged on the ground that it violates the waived rights and remedies.

Thus, the Court must determine whether the parties effectively waived the Carmack Amendment in their agreement. At first glance, this appears to be an easy question given that the parties expressly agreed to waive all rights and remedies associated with the Act in the initial recitals of the contract: "WHEREAS, the parties hereto expressly waive any and all rights and remedies under the ICC Termination Act for the transportation provided hereunder pursuant to 49 U.S.C. § 14101(b)(1)," (Dkt.#1-2 at 8)

However, the parties also reference the Carmack Amendment throughout the agreement in at least five other places (see sections 7(a), 2(i), 4(c), 4(e) and 9(a)). Knight argues that these subsequent references to the Carmack Amendment have the effect of "reviving" the Carmack Amendment and making the initial waiver of it ineffective. Knight argues that general waivers are ineffective as a matter of law and cites to a number of cases stating that the rights and remedies of the Carmack Amendment must be "expressly waived." *See, e.g., Celadon Trucking Services, Inc. v. Titan Textile Co.*, 130 S.W.3d 301, 305 (Tex. App. 2004). However, these cases deal with *implied* waivers, not express waivers such as the one at issue here.

The parties clearly expressly agreed to waive the Carmack Amendment at the beginning of the contract. The only remaining question is what to make of the subsequent references to it within the agreement. There are at least two possible interpretations. The first is that the parties unknowingly agreed to a document that is internally self-contradictory and there was no "meeting of the minds" that occurred, meaning that the "default" rules (in this case, the Carmack Amendment) would apply. The second is that the parties agreed to waive the Carmack Amendment as a whole, but chose to selectively incorporate certain aspects of it back into their agreement without adopting it as a whole. The second interpretation appears to be the most reasonable explanation, particularly given the general rule that a contract must be interpreted "to give meaning to all of its terms, presuming that every provision was intended to accomplish some purpose, and that none are deemed superfluous." *Allen v. Honeywell Retirement Earnings Plan*, 382 F.Supp.2d 1139, 1165 (D. Ariz. 2005).

Based on this interpretation, the parties effectively waived the Carmack Amendment, as they are entitled to do under 49 U.S.C. § 14101(b)(1). Because they effectively waived it, § 14101(b)(2) applies. Under subsection (b)(2), "The exclusive remedy for any alleged breach of a contract entered into under this subsection shall be an action in the appropriate state court or United States District Court, unless the parties otherwise agree." Thus, Smithfield properly asserted its breach of contract claim in state court.

## B. Jurisdiction

Only cases that could have been originally brought in federal court are removable. 28 U.S.C. § 1441(a). While Congress expressly provided for federal jurisdiction over Carmack Amendment claims with more than $10,000 in controversy in 28 U.S.C. § 1337, it did not provide a corresponding grant of jurisdiction for claims brought under § 14101(b)(2) like the one here. Moreover, § 14101(b)(2) does not "create a federal cause of action or federal subject matter jurisdiction." *See Transit Homes of Am.*, 173 F.Supp.2d at 1196. Nor does the applicable removal statute allow for a § 14101(b) claim to be removed. Instead, 28 U.S.C. § 1445(b) only permits removal of Carmack Amendment claims (and only where the amount in controversy exceeds $10,000). Because there is no statute that would allow removal of non-Carmack Amendment claims (and Knight has cited nothing to the contrary), and because the federal court lacks original jurisdiction over this action, it is not removable.

For this reason, the case is remanded to state court. Knight's motion to dismiss is denied.

## C. Attorneys' Fees

Smithfield argues that it should be entitled to attorneys' fees for being forced to respond to the improper removal and motion to dismiss because Knight lacked an objectively reasonable basis for removal. However, the Court finds that the question of whether the parties effectively waived the Carmack Amendment (and hence, whether the Carmack Amendment applied) was sufficiently close that it declines to make a fee award at this time.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiff's Motion to Remand. (Dkt.#8)

**IT IS FURTHER ORDERED** denying Defendant's Motion to Dismiss. (Dkt.#6)

///

**IT IS FURTHER ORDERED** denying Plaintiff's request for attorneys's fees. (Dkt. # 9 at 7)

DATED this 10th day of June, 2009.

_____
Mary H. Murguia
United States District Judge